UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CLARENCE CLARK, *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § § | CIVIL ACTION NO. C-10-317 |
| CIBA VISION CORPORATION, *et al*, | § § § | |
| Defendants. | § | |

### ORDER

On this day came on to be considered Plaintiffs' Motion to Remand. (D.E. 11.) For the reasons discussed below, the Court GRANTS Plaintiffs' motion and REMANDS this action pursuant to 28 U.S.C. § 1447(c) to the Nueces County Court at Law No. 3, where it was assigned Cause Number 10-61060-3.

### I.      Factual and Procedural Background

Plaintiffs Clarence and Atrameas Clark filed their Original Petition in state court on June 4, 2010 and their First Amended Petition on June 8, 2010. (D.E. 1, Exh. B.) Both Petitions state that the lawsuit involves "the 'Fresh Look' . . . color contact lenses" which allegedly caused Plaintiff's daughter, K.C., to go blind in one eye. (D.E. 1, Exh. B.) Defendants assert that because FreshLook Color contact lenses were approved by the FDA, Plaintiffs claims are preempted by federal law. (D.E. 1.)

Defendant CIBA Vision Corporation ("CIBA") and Defendant Yoon Kyung Lee were the first to be served with the Original Petition on June 10, 2010. This action was not removed to this Court until September 30, 2010, more than three months after the first Defendants were

served.  (D.E. 1.)  On October 1, 2010, Plaintiffs timely filed a motion to remand.[1]  See 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . .").

## II.     Discussion

### A.     Removal Generally

A defendant may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.  See 28 U.S.C. § 1441(a).  A court, however, "must presume that a suit lies outside its limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001); see also Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).  In evaluating the propriety of a removal, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."  Manguno, 276 F.3d at 723; see also Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) ("[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.").

It is well-settled that the removing party bears the burden of showing that the removal was proper.  See Frank v. Bear Stearns & Co., 128 F.3d 919, 921-22 (5th Cir. 1997).  This burden extends to demonstrating both the jurisdictional basis for removal and compliance with the requirements of the removal statute.  See Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995).

---

[1] Thirty days after September 30, 2010 is Saturday, October 30, 2010.  Pursuant to Federal Rule of Civil Procedure 6, "if the last day [of a deadline] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday."  Therefore, the thirty day deadline fell on Monday, November 1, 2010.

### B.      Timing of Removal

"The notice of removal of a civil action or proceeding shall be filed within <u>thirty days</u> after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b) (emphasis added). If a case is not initially removable based on the original complaint, removal may become proper at a later date based upon the "other paper" clause in 28 U.S.C. § 1446(b). <u>See</u> 28 U.S.C. § 1446(b) ("If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant… of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

"[T]he requirement for timely filing a petition for removal is mandatory." <u>Cervantez v. Bexar County Civil Serv. Comm'n</u>, 99 F.3d 730, 732 (5th Cir. 1996) (citing <u>Courtney, II v. Benedetto</u>, 627 F. Supp. 523, 527 (M.D. La. 1986)). The "[c]ourt cannot extend it and the parties may not accomplish the same result by stipulation." <u>Pace v. Chevron U.S.A., Inc.</u>, 1993 U.S. Dist. LEXIS 9295, *1 (E.D. La. 1993) (citing <u>Albonetti v. GAF Corp-Chem. Group</u>, 520 F. Supp. 825, 827 (S.D. Tex. 1981)).

### C.      Removal was Untimely

Defendants argue that this Court has subject matter jurisdiction over this case because the FreshLook Colors contact lenses, which allegedly blinded K.C., were approved as a Class III product by the FDA, and thus are pre-empted by federal law. (D.E. 1, p. 9 (citing <u>Stamps v. Collagen Corp.</u>, 984 F.2d 1416, 1423-24 (5th Cir. 1993).) Defendants are correct that removal of suits involving Class III products is appropriate when there is federal preemption. <u>See</u> <u>Stamps</u>, 984 F.2d at 1418 (upholding timely removal of case involving a Class III FDA approved device).

However, assuming that Plaintiffs' claims are preempted by federal law, 28 U.S.C. § 1446(b) requires the Defendants to remove this action within 30 days after the case first became removable. See 28 U.S.C. § 1446(b).

This case was first removable when Plaintiffs' served Defendant CIBA the Original Petition on June 10, 2010. See Board of Regents of Univ. of Texas Sys. v. Nippon Tel. & Tel. Corp., 478 F.3d 274, 278 (5th Cir. 2007) (holding that the Section 1446(b) thirty day time period for removal "commences on formal service of process"). The Original Petition states that the lenses at issue were "the 'Fresh Look' non-prescription color contact lenses." (D.E. 1, Exh. B.) All FreshLook Colors non-prescription contact lenses are FDA approved Class III devices. (D.E. 1, p. 10-11 (stating "all [FreshLook Colors] are Class III devices").) Thus, it was readily apparent from Plaintiffs' Original Petition that this case involved a FDA approved Class III device and that this action could be removed to federal court. See Stamps, 984 F.2d at 1418.

Defendant CIBA was served with the Original Petition on June 10, 2010. (D.E. 1.) For removal to be timely, it must be made within 30 days after Defendants were first served with the Original Petition. See 28 U.S.C. § 1446(b). The deadline for Defendants to remove the case therefore fell on Monday, July 12, 2010.[2] See 28 U.S.C. § 1446(b). This case was not removed to this Court until September 30, 2010. (D.E. 1.) Because the notice of removal was not filed within the prescribed thirty day period, it is untimely and must be remanded back to state court. 28 U.S.C. §1446(b); 28 U.S.C. §1447(c).

Defendants argue that removal was timely because the case was removed within thirty days after Defendant CIBA received a fax from Plaintiffs containing discovery requests defining the "subject product" of the lawsuit as "hazel" FreshLook Colors contact lenses. (D.E. 1, p. 4;

---

[2] Thirty days after June 10, 2010 is Saturday, July 10, 2010. Pursuant to Federal Rule of Civil Procedure 6, "if the last day [of a deadline] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday." Therefore, the deadline fell on Monday, July 12, 2010.

D.E. 1, Exh. L-1.)  Defendants argue that this fax, which identified the contact lenses at issue as "hazel," somehow added new information about Plaintiffs' claims that made it apparent for the first time that the lawsuit was removable.  (D.E. 1.)  Defendants' argument lacks merit.

Plaintiffs' fax to Defendant CIBA added no new information to the case which would make it removable.  Defendants so much as admit that the important characteristic of the contact lenses is that they were FreshLook Colors contact lenses.  (D.E. 1, p. 10-11.)  Both Plaintiffs' Original Petition and First Amended Petition state that the lawsuit involves "the 'Fresh Look' . . . color contact lenses."  (D.E. 1, Exh. B.)  The only information Plaintiffs' fax adds is that the contact lenses were hazel color.  (D.E. 1, Exh. I-1.)  This is irrelevant, however, because "all" FreshLook Colors contact lenses "are Class III devices."  (D.E. 1, p. 10-11.)  Thus, it was apparent from the Original Petition that this case was removable.  See Stamps, 984 F.2d at 1418.  For removal to be timely, Defendants would need to have removed the case by July 12, 2010.  See 28 U.S.C. §1446(b).  Because this action was not removed until September 30, 2010, this Court finds the removal is untimely and must be remanded.  See 28 U.S.C. §1447(c).

## III. Conclusion

For the reasons stated above, this Court determines that it does not have jurisdiction over the above-styled action.  The Court hereby GRANTS Plaintiffs' Motion to Remand (D.E. 11), and this case is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the Nueces County Court at Law No. 3, where it was assigned Cause Number 10-61060-3.

SIGNED and ORDERED this 8th day of November, 2010.

_____
Janis Graham Jack
United States District Judge